**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AUSTIN MARK EVELAND, | |
| Plaintiff | CIVIL ACTION NO. 3:26-CV-00872 |
| v. | (MEHALCHICK, J.) |
| SGT. PATTERSON, *et al.* | |
| Defendants. | |

### MEMORANDUM

Before the Court is a complaint filed by Plaintiff Austin Mark Eveland ("Eveland"). (Doc. 1). Also pending is Eveland's motion for leave to proceed *in forma pauperis*. (Doc. 2). The Court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915A, dismiss all claims against the State Correctional Institution Coal Township ("SCI-Coal Township"), and serve the remaining three Defendants.

### I.    BACKGROUND AND PROCEDURAL HISTORY

The Court received and docketed the complaint on April 6, 2026. (Doc. 1). This complaint names the following four defendants: (1) Sgt. Patterson ("Patterson"), Sergeant at SCI-Coal Township; (2) Lt. Symons ("Symons"), Lieutenant at SCI-Coal Township; (3) Superintendent Mcginley ("Mcginley"), Superintendent of SCI-Coal Township; and (4) SCI-Coal Township. (Doc. 1, at 2-3).

In the complaint, Eveland alleges that on February 11, 2025, Patterson, Symons, and other non-party officers assaulted him and sprayed him with multiple cans of mace. (Doc. 1, at 4). He then alleges that they forced him to clean the mace from his body with toilet water while they watched. (Doc. 1, at 4). He further alleges that he notified Mcginley of what

occurred, and Mcginley stated that he had told the officers to do what they did and that "[t]hey train them to do this." (Doc. 1, at 4.) Based on these alleged facts, Eveland raises claims under the Eighth Amendment, assault, and defamation of character. (Doc. 1, at 5).

Along with the complaint, Eveland filed a motion to proceed *in forma pauperis*. (Doc. 2). On April 20, 2026, the Court received and docketed Eveland's certified prisoner trust fund account statement. (Doc. 6). The Court will grant the motion to proceed *in forma pauperis* and screen the amended complaint pursuant to 28 U.S.C. § 1915A.

## II.    JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because Eveland alleges that all the events took place at SCI-Coal Township in Northumberland County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## III.    STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Eveland is a prisoner suing a governmental employee and brings his suit *in forma pauperis*,

2

both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a)

4

requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**IV.    DISCUSSION**

A. ALL SECTION 1983 CLAIMS AGAINST THE SCI-COAL TOWNSHIP WILL BE DISMISSED.

Eveland attempts to bring constitutional claims under 42 U.S.C. § 1983 against the SCI-Coal Township. (Doc. 1).

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a

5

constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Eveland names SCI-Coal Township as a defendant. (Doc. 1.) It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997). Similarly, neither a prison nor a department within a prison is a "person" subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Therefore, SCI-Coal Township is not a "person" within the meaning of 42 U.S.C. § 1983.

Additionally, any claim against a state agency is akin to suing the state itself, and such claims are generally barred by Eleventh Amendment sovereign immunity. *See Harper v. Jeffries,* 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d. 2017). Thus, all claims raised against SCI-Coal Township will be dismissed with prejudice.

## V.   CONCLUSION

For the above stated reasons, the Court will grant Eveland's motions to proceed *in forma pauperis* and screen the complaint pursuant to Section 1915A. The Court will dismiss all claims against SCI-Coal Township. The Court will serve the remaining three Defendants.

An appropriate order follows.

**Dated: May 22, 2026**                                  *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States District Judge**